Kevin S. Asfour (#228993)
kevin.asfour@klgates.com
Cassandra S. Jones (#270845)
cassandra.jones@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Andrew C. Glass (*pro hac vice*)
andrew.glass@klgates.com
Gregory N. Blase (*pro hac vice*)
gregory.blase@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Fax: (617) 261-3175

Attorneys for Defendant,
NRG ENERGY, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NRG ENERGY, INC., NRG RESIDENTIAL SOLAR SOLUTIONS LLC, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. SACV-15-01128-CJC-JCG<br><br>**NOTICE OF MOTION AND DEFENDANT NRG ENERGY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Filed concurrently with Request for Judicial Notice]*<br><br>Assigned to Hon. Cormac J. Carney<br><br>Date:          September 21, 2015<br>Time:          1:30 p.m.<br>Location:     Courtroom 9B |

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on September 21, 2015, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9B of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant NRG Energy, Inc. will and hereby does move the Court to dismiss Plaintiff's Complaint, pursuant to Rules 8(a), 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.  This motion is made following the conferences of counsel pursuant to L.R. 7-3, which were initiated on August 14, 2015 and concluded on August 17, 2015.

The motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the Request for Judicial Notice filed contemporaneously herewith and all attachments and exhibits thereto; all pleadings, papers and records on file with the Court in this action; and all other such argument and evidence as may be presented to the Court in connection with the motion.

K&L GATES LLP

Dated:  August 21, 2015          By:  s/ Kevin S. Asfour
                                      Kevin S. Asfour
                                      Cassandra S. Jones
                                      Andrew C. Glass (*pro hac vice*)
                                      Gregory N. Blase (*pro hac vice*)

                                      Attorneys for Defendant
                                      NRG ENERGY, INC.

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Rules 8(a), 12(b)(6), and 12(b)(1) of the Federal Rules of Civil Procedure, Defendant NRG Energy, Inc. ("NRG Energy") respectfully submits this memorandum of points and authorities in support of its motion to dismiss the Complaint filed by Plaintiff Jeffrey Wilens ("Plaintiff").

## **I.   INTRODUCTION AND BACKGROUND**

Plaintiff contends that both NRG Energy and Defendant NRG Residential Solar Solutions LLC ("NRG Residential") are liable for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  While the Complaint makes particular (albeit incorrect) allegations regarding NRG Residential,[1] it contains only two generalized allegations regarding NRG Energy, namely that:

> (1)   "NRG Residential Solar Solutions LLC" is a "division of NRG Energy, Inc.[2]" Compl. ¶14; and
>
> (2)   "The phone calls to Plaintiffs and the class members were made by [NRG Residential] at the express direction of and with the approval of NRG Energy, Inc." Compl. ¶17.

Not only do these allegations fail to state a claim for direct liability against NRG Energy, they in no manner establish a basis for vicarious liability against NRG Energy. Rather, Plaintiff's assertions are the type of "unadorned" legal conclusion that cannot withstand a Rule 12(b)(6) motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Court should dismiss the Complaint against NRG Energy.

## **II.   LEGAL STANDARD**

Rule 8(a) states that the Complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  In *Bell*

---

[1]   NRG Residential has filed an answer in which it has denied liability or wrongdoing under the TCPA or any other law.

[2]   As a matter of public record, NRG Energy and NRG Residential are separate corporate entities, and the former is the parent of the latter.  *See* Exhibits A-D to Request for Judicial Notice filed contemporaneously herewith.

*Atlantic Corp. v. Twombly*, the Supreme Court explained that this rule "requires more than labels and conclusions," and that "a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 554, 555 (2007). Rather, Rule 8(a) requires the Complaint to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (stating that Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). At the motion to dismiss stage, the Court should ignore "legal conclusions cast in the form of factual allegations," *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.1994), and unreasonable inferences or unwarranted deductions of fact, *Iqbal*, 556 U.S. at 679 (dismissal is warranted where the allegations in the complaint "do not permit the court to infer more than the mere possibility of misconduct"); S*prewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). Thus, the Court should dismiss a complaint under Rule 12(b)(6) where, as in this case, the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing putative class-action TCPA complaint where plaintiff failed to allege facts making agency or alter-ego theory plausible). The standards set forth in *Twombly* and *Iqbal* apply with equal force to Article III standing when it is being challenged on the face of the complaint under Rule 12(b)(1). *See Perez v. Nidek Co.*, 711 F.3d 1109, 1113 (9th Cir. 2013); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). Therefore—just as under Rule 12(b)(6)—to survive a motion to dismiss under Rule 12(b)(1), the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## III.   ARGUMENT

The Court should grant NRG Energy's motion to dismiss because the Complaint

fails to state a claim against NRG Energy for violation of the TCPA.

### A. The Complaint fails to allege that NRG Energy "made" any calls to Plaintiff, much less calls in violation of the TCPA

Under the TCPA, a person may not "make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).  Thus, "[t]he plain language of the TCPA" only "assigns civil liability to the party who 'makes' a call."  *See*, *e.g.*, *Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012) *aff'd* 582 F. App'x 678, 679 (9th Cir. 2014).  Here, however, the Complaint does not allege that NRG Energy made any calls to Plaintiff, much less made calls using an "automatic telephone dialing system" without the called party's "prior express consent."  *Cf.* Compl. ¶ 19.  Thus, the Court should dismiss the Complaint as against NRG Energy on this basis alone.  *See Thomas*, 879 F. Supp. 2d at 1084; *see also Panacci*, 2015 WL 3750112, at *7 (dismissing TCPA complaint); *Iqbal*, 556 U.S. at 677.

### B. The Complaint provides no other basis for holding NRG Energy liable

It is a "deeply ingrained" "principle of corporate law" that "a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the alleged acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998); *Maine State Ret. Sys. v. Countrywide Fin. Corp.*, 722 F. Supp. 2d 1157, 1168 (C.D. Cal. 2010) (stating that "corporate parents are not vicariously liable for the acts of their subsidiaries").  Under the TCPA, a parent may be "vicariously" liable for the acts of its subsidiary only if the plaintiff establishes that (1) the subsidiary is the agent of the parent, *Thomas*, 879 F. Supp. 2d at 1084, or (2) the subsidiary acted with the apparent authority of the parent, *Thomas*, 582 F. App'x at 679.

To plead an agency relationship, the Complaint must set forth sufficient allegations "(1) that the agent or apparent agent holds power to alter legal relations between principal and third persons and between principal and himself; (2) that the agent is a fiduciary with respect to matters within scope of agency; and (3) that the

4

principal has right to control the conduct of the agent with respect to matters entrusted to him." *Kokopelli Cmty. Workshop Corp. v. Select Portfolio Servicing, Inc.*, No. 10-cv-1605, 2011 WL 719489, at *3 (S.D. Cal. Aug. 10, 2011) (citation omitted). To plead that a subsidiary was acting on the apparent authority of the parent, the complaint must set forth sufficient allegations that the parent did or said something on which the plaintiff reasonably relied. *See Thomas*, 582 F. App'x at 679. A plaintiff "may not rest on legal conclusions regarding agency that are cast as factual allegations." *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 911 (C.D. Cal. 2011) (granting motion to dismiss).

Here, however, the Complaint fails to allege any facts that would support an agency relationship between NRG Energy and NRG Residential or that NRG Residential acted with the apparent authority of its parent. *See Freidman v. Massage Envy Franchising, LLC*, No. 3:12-cv-02962, 2013 WL 3026641 at *3 (S.D. Cal. Jun. 13, 2013) (dismissing complaint against franchisor where allegations in complaint were insufficient to allege agency relationship with entity that made call). As an initial matter, the Court may take judicial notice of the fact that NRG Energy is the parent of, and a separate corporation from, NRG Residential. *See* RJN, Exhibits A-D; *see also Metzler Inv. GmbH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1064 n. 7 (9th Cir. 2008) (SEC filings subject to judicial notice on motion to dismiss); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n. 2 (9th Cir. 2006) (same); *Oklahoma Firefighters Pension & Retirement System v. Ixia*, 50 F. Supp. 3d 1328, 1348–49 (C.D.Cal.2014) (same). Further, Plaintiff's statement that NRG Residential purportedly acted under the "express direction of and with the approval of" NRG Energy is precisely the type of unsupported legal conclusion that "will not do" to state a cause of action. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 672; *see also Panacci*, 2015 WL 3750112, at *7. Moreover, Plaintiff nowhere pleads that NRG Energy made *any* statement to him, much less that he relied upon a statement by NRG Energy. Because the Complaint is devoid of allegations that could sustain a claim of vicarious liability,

the Court should dismiss the Complaint against NRG Energy.[3]

## C. <u>Plaintiff lacks standing to sue NRG Energy</u>

Because the Complaint does not (and cannot) state any basis upon which to sue NRG Energy, Plaintiff also lacks standing to assert his putative class claims against NRG Energy.  To satisfy Article III at the pleadings stage, Plaintiff bears the burden of alleging: (1) a concrete injury-in-fact; (2) a causal connection between the alleged injury and the alleged wrongdoing; and (3) the likelihood that the injury will be redressed by a favorable decision.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Here, Plaintiff's claims against NRG Energy derive entirely from the alleged actions of another entity, and nothing in the Complaint suffices to allege a basis on which to hold NRG Energy responsible for the alleged actions of that other entity.  *See Freidman*, 2013 WL 3026641 at *4 (plaintiff lacks standing to sue franchisor absent allegations sufficient to show agency relationship between franchisor and franchisee).  Because Plaintiff has not met his burden of pleading an injury "fairly traceable" to any action by NRG Energy, *Lujan*, 504 U.S. at 560, he has failed to establish his standing to maintain suit against NRG Energy, and the Court should dismiss the Complaint for this reason as well.

///
///
///
///
///
///

---

[3]    Nor does the Complaint allege any other basis, such as on a veil-piercing theory, for holding NRG Energy liable.  *See Orosa v. Therakos, Inc.*, No. C-11-2143, 2011 WL 3667485 at *6 (N.D. Cal. Aug. 22, 2011) (to sustain a claim based on veil-piercing theory, complaint must set forth sufficient allegations that "(1) there is such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow" (citation omitted)).

1

## IV. CONCLUSION

2

3 For the reasons stated above, NRG Energy respectfully requests that the Court

4 dismiss the Complaint against it with prejudice pursuant to Rules 12(b)(6) and 12(b)(1)

of the Federal Rules of Civil Procedure.

5
6                                              K&L GATES LLP

Dated:  August 21, 2015            By:  s/ Kevin S. Asfour
7                                         Kevin S. Asfour
8                                         Cassandra S. Jones
                                          Andrew C. Glass (*pro hac vice*)
9                                         Gregory N. Blase (*pro hac vice*)

Attorneys for Defendant
10                                        NRG ENERGY, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7