THE SPENCER LAW FIRM
Jeffrey P. Spencer, Esq. (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA 92673
949-240-8595(Tel.)
949-240-8515 (Fax)
Email: jps@spencerlaw.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all persons similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NRG ENERGY, INC., NRG RESIDENTIAL SOLAR SOLUTIONS LLC, and DOES 1-100, inclusive,<br><br>　　　　　　Defendants. | Case No. SACV-15-01128-CJC-JCG<br><br>Assigned for All Purposes to:<br>Honorable Cormac J. Carney<br><br><u>CLASS ACTION</u><br><br>**FIRST AMENDED COMPLAINT FOR**<br>**1. Violation of Telephone Consumer Protection Act** (47USC §227) |

Plaintiff alleges as follows:

## **PARTIES**

1. Plaintiff JEFFREY WILENS, an individual, brings this action on behalf of himself, and on behalf of a class of similarly situated persons pursuant to Code of Civil Procedure § 382.  Plaintiff is a resident of the County of Orange and State of California and a competent adult.

2. Plaintiff is informed and believes, and thereupon alleges, that Defendant NRG ENERGY, INC. is now, and at all times mentioned in this Complaint was, a corporation based in the State of New Jersey.  Defendant has not designated a

-1-

principal place of business in the State of California.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant NRG RESIDENTIAL SOLAR SOLUTIONS LLC is now, and at all times mentioned in this Complaint was, a business of unknown form based in the State of New Jersey. Defendant has not designated a principal place of business in the State of California.

4. Plaintiff does not know the true names or capacities of the Defendants sued herein as DOES 1 through 100 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "Defendant" or "Defendants" or to a specifically named defendant refers also to all defendants sued under fictitious names.

5. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants, including all Defendants sued under fictitious names, and each of the persons who are not parties to this action but are identified by name or otherwise throughout this complaint, was the alter ego of each of the remaining defendants, was the successor in interest or predecessor in interest, and was the agent and employee of each of the remaining defendants and in doing the things herein alleged was acting within the course and scope of this agency and employment.

## CLASS ALLEGATIONS

6. Plaintiff is a member of a class of persons, the members of which are similarly situated to each other member of that class. The class is defined as follows:

> All persons residing in the United States whose cellular phone received a phone call from Defendants or their agents and which phone call used an automatic telephone dialing system or artificial or prerecorded voice and which phone call was made during the past four years.

7. Plaintiff is informed and believes, and thereupon alleges, that the class Plaintiff represents includes at least 1,000 persons who received such a phone call.

8. The identity of the members of the class is ascertainable from Defendants' own business records or those of its agents.

9. The Plaintiff's and class members' claims against Defendants involve questions of law or fact common to the class that are substantially similar and predominate over questions affecting individual class members in that all class members received phone calls to their cellular phone numbers from Defendants, who used an automatic telephone dialing system or a prerecorded voice. Defendants' records will show they had no permission to make the phone calls and there was no emergency justification.

10. The claims of Plaintiff is typical of the claims of the members of the class.

11. Plaintiff can fairly and adequately represent the interests of the class.

**FIRST CAUSE OF ACTION FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT AGAINST ALL DEFENDANTS (BROUGHT AS INDIVIDUAL ACTION AND CLASS ACTION)**

12. Plaintiff incorporates in this cause of action the allegations contained in paragraphs 1 through 11, inclusive.

13. 47 USC § 227 (b) (1) prohibits any person from making a call (other than a call

made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—(iii) "to any telephone number assigned to a …. cellular telephone service. . .

14. On June 11, 2015 at approximately 1:18 p.m., Plaintiff received a phone call on his cellular phone. As alleged in greater detail below, the "caller" was NRG Energy and NRG Residential Solar Solutions. The caller ID number was 949-440-1353. When Plaintiff answered the phone, he heard a prerecorded message stating that the call was being made to inform him that he could save 20% on his electricity bill. At the end of the recorded message, there was an option to push "1" to speak to a live person.

15. Plaintiff pressed "1" and woman spoke to him. The woman said she represented the "Clean Energy Project" in Ventura County, California, and explained that she needed to ask a series of questions to see if Plaintiff qualified for the program. She explained she represented a solar energy installation company. She asked a series of questions about Plaintiff's house and his electricity bill, which Plaintiff answered. She said he would be contacted by contractor who would come by the house and do an inspection. An appointment was scheduled.

16. On June 12, 2015, "Victor" called Plaintiff. He explained he worked for NRG Home Solar in New Jersey. He said he was following up on the previous call and wanted to confirm the appointment would go forward. Plaintiff informed Victor he already had solar panels and Victor thanked him but cancelled the appointment.

17. NRG Energy, Inc. is a diverse power company that produces, sells and delivers

energy and energy products and services in major competitive power markets in the U.S.

18. NRG Energy owns and operates approximately 52,000 MWs of generation; engages in the trading of wholesale energy, capacity and related products around those generation assets; transacts in and trades fuel and transportation services; and directly sells energy, services, and innovative, sustainable products and services to retail customers under the name "NRG" and various other retail brand names owned by NRG.

19. NRG Energy created the "NRG Home" division to market NRG Energy's "residential solar business" which operates under the name "NRG Home Solar." NRG Home Solar is a dba of Defendant NRG Residential Solar Solutions LLC.

20. Plaintiff is informed and believes and thereupon alleges that NRG Residential Solar Solutions does not have any separate management structure. Instead, its operations are planned and directed by Kelcy Pegler, Jr., under the supervision of David Crane and Mauricio Gutierrez, all three of whom are in the management structure of NRG Energy.

21. NRG Energy oversaw and planned a telemarketing campaign to increase sales of solar panels to consumers. The phone call to Plaintiff alleged above was made pursuant to this telemarketing campaign.

22. As part of this plan, NRG Energy and NRG Residential Solar (i.e., in reality the same individuals at both companies) collectively directed that the phone calls with the prerecorded message would be made as part of this telemarketing campaign. They jointly developed the script for the prerecorded message. They also collectively developed the scheme that any call recipient who "pressed 1" at

the end of the prerecorded message would be told the caller was part of the "Clean Energy Project." The "Clean Energy Project" is simply a consumer-friendly name for this marketing campaign concocted by NRG Energy and NRG Residential Solar. While, as alleged above, it was NRG Residential Solar that made the follow-up call to confirm the appointment, every aspect of the telemarketing campaign that is the basis for these TCPA claims was known to, approved by, directed by and supported by NRG Energy.

23. At no time prior to his receipt of the first recorded voice phone call described above did Plaintiff give his consent to Defendants or anyone acting on behalf of Defendants to call him on his cell phone (or any other phone).

24. Plaintiff is informed and believes, and thereupon alleges, that Defendants called his cellular phone number using some sort of automatic telephone dialing system.

25. During the class period, as part of this same telemarketing campaign, Defendants made more than 1,000 calls to the cellular phones of other United States residents. All of those calls, were also made to persons who had not provided prior consent. All of those calls used an artificial or prerecorded voice. All of these calls used an automatic telephone dialing system.

26. Plaintiff is informed and believes, and thereupon alleges that Defendants are continuing to make these illegal phone calls as of the date of filing of this complaint.

27. Pursuant to 47 USC § 227 (b) (3) (A), Plaintiff is entitled to bring an action to enjoin the ongoing violations described above.

28. In addition, pursuant to subdivision (b) (3) (B), Plaintiff and the Class are

entitled to recover actual damages or $500 whichever is greater.

29. In addition, because Defendants willfully or knowingly violated this law, the $500 in statutory damages should be trebled pursuant to 47 USC § 227 (b) (3) so that $1,500 should be awarded per violation.

## REQUEST FOR JURY TRIAL

WHEREFORE, Plaintiff requests trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment on all causes of action against Defendants as follows:

1. For an order certifying this matter as a class action;

2. For a declaration of the rights and liabilities of the parties including a declaration that the advertisements are false, deceptive and misleading;

3. For preliminary and permanent injunctive relief pursuant to 47 USC § 227 (b) (3) (A) restraining and enjoining Defendants from continuing the unlawful acts described above;

4. For distribution of any moneys recovered on behalf of members of the Class, via fluid recovery or cy pres recovery where necessary to prevent Defendants from retaining the benefits of their wrongful conduct as provided in California v. Levi Strauss & Co. (1986) 41 Cal.3d 460 and People v. Thomas Shelton Powers, M.D. Inc. (1992) 2 Cal.App.4th 330;

5. For damages of $500 per violation to Plaintiff and the Class Members, which sum should be trebled;

6. For interest on the sum of money awarded as damages or restitution;

7. For reasonable attorney's fees pursuant to the Private Attorney General doctrine in Code of Civil Procedure § 1021.5, pursuant to the "common fund" doctrine, and pursuant to the "substantial benefit" doctrine.

8. For costs of suit incurred herein; and

9. For such other and further relief as the court may deem proper.

DATED: August 31, 2015

Respectfully submitted,

_____
JEFFREY P. SPENCER
Attorneys for Plaintiff