Kevin S. Asfour (#228993)
kevin.asfour@klgates.com
Cassandra S. Jones (#270845)
cassandra.jones@klgates.com
K&L GATES LLP
10100 Santa Monica Blvd., 7th Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Fax: (310) 552-5001

Andrew C. Glass (*pro hac vice*)
andrew.glass@klgates.com
Gregory N. Blase (*pro hac vice*)
gregory.blase@klgates.com
K&L GATES LLP
State Street Financial Center
One Lincoln Street
Boston, MA 02111
Telephone: (617) 261-3100
Fax: (617) 261-3175

*Attorneys for Defendant,*
*NRG ENERGY, INC.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NRG ENERGY, INC., NRG RESIDENTIAL SOLAR SOLUTIONS LLC, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. SACV-15-01128-CJC-JCG<br><br>**DEFENDANT NRG ENERGY, INC.'S NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Filed concurrently with:**<br>**(1) Declaration of David Callen,**<br>**(2) Declaration of Eric Olsen, and**<br>**(3) Declaration of Gregory N. Blase**<br><br>Assigned to Hon. Cormac J. Carney<br><br>Date:          August 22, 2016<br>Time:          1:30 p.m.<br>Location:     Courtroom 9B |

## NOTICE OF MOTION

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE, that on August 22, 2016, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 9B of the above-captioned Court, located at 411 West Fourth Street, Santa Ana, California 92701-4516, Defendant NRG Energy, Inc. ("NRG Energy") will and hereby does move the Court for sanctions against Plaintiff Jeffrey Wilens, Esq. and his counsel, pursuant to Rule 11 of the Federal Rules of Civil Procedure, to include, without limitation, an order:

1.     Striking all allegations regarding NRG Energy and its senior executives found in the First Amended Complaint ("FAC"), Dkt. No. 19;

2.     Dismissing the FAC against NRG Energy, with prejudice;

3.     Directing the clerk to enter judgment for NRG Energy and against Plaintiff, because there is no just reason for delay;

4.     Ordering Plaintiff and his counsel to reimburse NRG Energy for attorneys' fees and costs incurred in defending this action on or after August 31, 2015, the date on which Plaintiff filed the FAC;

5.     Disqualifying Plaintiff and his counsel from representing a putative class against the remaining defendant in this case, because their bad-faith imposition of false allegations in the FAC renders them inadequate to represent the interests of a putative class; and

6.     Awarding such other relief as the Court deems just and equitable.

On June 9, 2016, NRG Energy served a file-ready copy of this motion and supporting documents on Plaintiff's counsel of record in this action.  *See* Declaration of Gregory N. Blase ¶ 12.  At least 21 days have since passed, with Plaintiff failing to withdraw the improper pleading as of the time of this filing.

The motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the Declarations of David Callen, Eric Olsen, and Gregory N. Blase filed contemporaneously herewith; all pleadings, papers, and records on file

1  with the Court in this action; and all other such argument and evidence as may be
2  presented to the Court in connection with the motion.

3                                              K&L GATES LLP

4  Dated: July 8, 2016                  By:  s/ Gregory N. Blase
5                                            Kevin S. Asfour
                                             Cassandra S. Payton
6                                            Andrew C. Glass (*pro hac vice*)
                                             Gregory N. Blase (*pro hac vice*)
7
                                             *Attorneys for Defendant*
8                                            *NRG ENERGY, INC.*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NRG ENERGY, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

1

# **<u>TABLE OF CONTENTS</u>**

2

**Page**

3   I.    INTRODUCTION ................................................... 1

4   II.   FACTUAL AND PROCEDURAL BACKGROUND ......................... 2

5   III.  LEGAL STANDARD GOVERNING MOTIONS UNDER RULE 11 ........... 5

6   IV.   THE ALLEGATIONS IN THE FAC DO NOT SATISFY RULE 11 ........ 6

7   V.    CONCLUSION .................................................. 10

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NRG ENERGY, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Christian v. Mattel, Inc.*,
  286 F.3d 1118 (9th Cir. 2002) ........................................................... 5

*Conn v. CSO Borjorquez*,
  967 F.2d 1418 (9th Cir. 1992) ........................................................... 6

*Cooter & Gell v. Hartmarx Corp.*,
  496 U.S. 384 (1990).......................................................................... 6

*Creative Montessori Learning Ctrs. v. Ashford Gear, LLC*,
  662 F.3d 913 (7th Cir. 2011) ....................................................... 9, 10

*Delphix Corp. v. Actifo, Inc.*,
  2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) ................................ 8

*Islamic Shura Council of S. Cal. v. F.B.I.*,
  278 F.R.D. 538 (C.D. Cal. Nov. 17, 2011), *rev'd on other grounds*
  757 F.3d 870 (9th Cir.) .................................................................... 5

*Patterson v. Aiken*,
  841 F.2d 386 (11th Cir. 1988) ......................................................... 6

*Senese v. Chicago Area Int'l Bhd. of Teamsters Pension Fund*,
  237 F.3d 819 (7th Cir. 2001) ........................................................... 6

*Smith v. Ricks*,
  31 F.3d 1478 (9th Cir. 1994) ....................................................... 5, 6

*Special Investments, Inc. v. Aero Air, Inc.*,
  360 F.3d 989, 992-93 ..................................................................... 10

*Townsend v. Holman Consulting Corp.*,
  929 F.2d 1358 (9th Cir. 1990) ......................................................... 6

*Truesdell v. Southern Cal. Permanente Med. Group*,
  151 F. Supp. 2d 1174 (C.D. Cal. 2001)........................................... 5

*United States v. Bestfoods*,
  524 U.S. 51 (1998).......................................................................... 7

iv

*Wady v. Provident Life and Accident Ins. Co.*,
   216 F. Supp. 2d 1060 (C.D. Cal. 2002) ...................................................................... 7

*Zaldivar v. City of Los Angeles*,
   780 F.2d 823 (9th Cir.1986) .......................................................................................... 6

*Zuniga v. United Can Co.*,
   812 F.2d 443 (9th Cir.1987) .......................................................................................... 6

**Statutes**

47 U.S.C. § 227 ....................................................................................................................... 1

47 U.S.C. § 227(b)(3) ............................................................................................................. 9

Fed. R. Civ. P. 11 ...................................................................................................... *passim*

Fed. R. Civ. P. 54(b) ........................................................................................................... 10

**NRG ENERGY, INC.'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11**

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant NRG Energy, Inc. ("NRG Energy") submits this memorandum of points and authorities in support of its motion for sanctions under Fed. R. Civ. P. 11.

## I.   INTRODUCTION

Plaintiff, Jeffrey Wilens, Esq., filed suit against NRG Energy and its wholly owned subsidiary NRG Residential Solar Solutions LLC ("NRG Residential") on June 17, 2015, alleging that NRG Residential engaged in a "telemarketing campaign" allegedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").  *See* Dkt. No. 1.  NRG Energy moved to dismiss the original Complaint because the Complaint did not allege any basis for asserting a claim against NRG Energy for the purported conduct of its subsidiary.  *See* Dkt. No. 15.

In an effort to overcome that pleading deficiency, Plaintiff filed the First Amended Complaint ("FAC").  *See* Dkt. No. 19.  The FAC asserts—without any basis in fact—that NRG Energy and NRG Residential are "alter egos" of one another and that senior executives of NRG Energy "supervis[ed], … oversaw and planned" the purported "telemarketing campaign" that serves as the basis for Plaintiff's TCPA claim.  *See* FAC ¶¶ 5, 14, 20-22.  The FAC's allegations against NRG Energy—including those concerning purported internal conversations between senior executives at NRG Energy—are completely fabricated.  It is simply not possible to infer that Plaintiff could ever have been privy to the alleged discussions that he describes in the FAC.  Those allegations reflect Plaintiff's abject failure to conduct any reasonable investigation prior to filing the FAC.

Let there be no confusion.  NRG Energy and NRG Residential are *not* alter egos of each other.  And no one at NRG Energy had anything to do with the purported design and implementation of the telemarketing campaign described in the FAC.  The allegations in the FAC suggesting otherwise are inaccurate, to say the least.

NRG Energy has presented Plaintiff with evidence of these facts, but nevertheless, Plaintiff has refused to withdraw the unsupported allegations against

1

NRG Energy, and (as would be required upon the withdrawal of those allegations) dismiss NRG Energy from this action.  Defendants and their counsel do not take the filing of a sanctions motion lightly.  Under the circumstances, however, and because Plaintiff and his counsel are both attorneys and thus are aware of the obligations imposed on them by Rule 11, sanctions are appropriate and justified.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

NRG Energy owns and operates a diverse competitive electric generation portfolio.  *See* Declaration of David Callen ("Callen Decl.") ¶ 2.  NRG Energy does not conduct business in the area of selling solar panels for residential installation.  *Id.* Thus, at no time was NRG Energy or its management involved in overseeing or planning any telemarketing campaign to market solar panels to consumers.  *Id.* ¶ 10. Likewise, at no time did NRG Energy or its management direct NRG Residential or third parties to make phone calls to consumers with pre-recorded messages as part of any telemarketing campaign.  *Id.* ¶ 11.

In the original Complaint, Plaintiff alleged that *NRG Residential* called his cellular telephone on June 11 and June 12, 2015.  *See* Complaint (Dkt. No. 1) ¶¶ 14-16.  The Complaint was devoid of any allegations directed to NRG Energy other than the conclusory allegation that the two calls "were made by [NRG Residential] at the express direction of and with the approval of NRG Energy."  *Id.* ¶ 17.

NRG Energy moved to dismiss the original Complaint because it failed to allege any basis on which Plaintiff could seek to hold NRG Energy liable for the alleged conduct of its subsidiary.  The Complaint alleged no agency relationship, nothing to support a theory that NRG Residential acted with the apparent authority of NRG Energy, and no other basis to sustain a TCPA claim against NRG Energy.  *See* Complaint *generally*; *see also* NRG Energy's Motion to Dismiss, Dkt. No. 15.

In an apparent bid to avoid the dismissal of NRG Energy, Plaintiff filed the FAC, setting forth the following allegations, each of which is incorrect:

- Plaintiff alleges that "each of the Defendants ... was the alter ego of each

2

of the remaining defendants." *See* FAC ¶ 5.

- ▪ This conclusory statement is incorrect because NRG Energy and NRG Residential are not alter egos of each other. *See* Callen Decl. ¶¶ 2-9; *and* Declaration of Eric Olsen ("Olsen Decl.") ¶¶ 2-6.

- Plaintiff contends that the entity that called his cell phone was NRG Energy. *See* FAC ¶ 14.

  - ▪ This allegation is incorrect because NRG Energy was not, and is not, directly involved in making telephone calls to consumers for the purpose of marketing solar panels. *See* Callen Decl. ¶¶ 10-13.

- Plaintiff contends that "NRG Residential ... does not have any separate management structure." *See* FAC ¶ 20.

  - ▪ This allegation is incorrect because NRG Energy and NRG Residential have separate management structures. *See* Callen Decl. ¶¶ 2-9; Olsen Decl. ¶¶ 2-6.

- Plaintiff alleges that "NRG Energy oversaw and planned a telemarketing campaign to increase sales of solar panels to consumers. The phone call to Plaintiff alleged [in the FAC] was made pursuant to this telemarketing campaign." FAC ¶ 21.

  - ▪ This allegation is incorrect because (without admitting that a "campaign" such as that described in the FAC was planned or executed by *either* defendant) NRG Energy played no role in the planning or execution of *any* telemarketing campaign to market solar panels to consumers. *See* Callen Decl. ¶¶ 10-13.

- Plaintiff alleges that "[a]s part of this [telemarketing campaign], NRG Energy and NRG Residential Solar (i.e., in reality the same individuals at both companies) collectively directed that the phone calls with the prerecorded message would be made as part of this telemarketing campaign. They jointly developed the script for the prerecorded message.

3

They also collectively developed the scheme that any call recipient who 'pressed 1' at the end of the prerecorded message would be told the caller was part of the 'Clean Energy Project.'  The 'Clean Energy Project' is simply a consumer-friendly name for this marketing campaign concocted by NRG Energy and NRG Residential Solar ... [E]very aspect of the telemarketing campaign that is the basis for these TCPA claims was known to, approved by, directed by and supported by NRG Energy." FAC ¶ 22.

- Not only are these allegations are incorrect, *see* Callen Decl. ¶¶ 5-7; 10-13; Olsen Decl. ¶¶ 2-6, there is no conceivable way that Plaintiff has a Rule 11 basis to describe internal communications between executives of NRG Energy and NRG Residential as he purports to do in the FAC.

On September 16, 2015, counsel for NRG Energy convened a telephone conference with Plaintiff's counsel Jeffrey Spencer to request that Plaintiff dismiss the FAC against NRG Energy because the allegations asserted against that defendant were not true.  *See* Declaration of Gregory N. Blase ("Blase Decl."), June 6, 2016 at ¶ 5. During that telephone conversation, NRG Energy's counsel inquired about Plaintiff's basis for making certain factual assertions in the FAC, including those set forth at paragraphs 5, 14, and 20-22 of the FAC.  *Id.* ¶ 6.  Plaintiff's counsel took the position that the basis for Plaintiff's claims against NRG Energy is found on NRG Energy's own website.  *Id.* ¶ 7.  When asked to describe the investigation Plaintiff undertook before asserting those specific allegations, Plaintiff's counsel asserted that through discovery, Plaintiff *hopes* either to substantiate the allegations in the FAC or to identify some other unspecified legal basis for vicarious liability against NRG Energy.  *Id.* ¶ 8. Plaintiff's counsel refused to dismiss NRG Energy.  *Id.* ¶ 9.

On October 21, 2016, the Court stayed this case pending the United States Supreme Court's disposition of the *Campbell-Ewald* and *Spokeo* cases.  Dkt. No. 35.

On June 1, 2016, after the stay of this matter was lifted, counsel for NRG Energy held a further telephone conference with Plaintiff's counsel to again request that Plaintiff dismiss the FAC against NRG Energy.  Blase Decl. ¶ 10.  Plaintiff's counsel would not describe what, if any, investigation he and his client had undertaken before filing the FAC and refused to dismiss the FAC against NRG Energy.  *Id.* ¶ 11.

To show Plaintiff's counsel that the above-described allegations of the FAC are incorrect, on June 9, 2016, NRG Energy served on Plaintiff's counsel a file-ready copy of this motion as well as the Callen, Olsen, and Blase Declarations.  To date, Plaintiff has refused to withdraw the inaccurate allegations about NRG Energy and—as would be required upon the withdrawal of those allegations—dismiss NRG Energy from this action.  For these reasons, and those that follow, the Court should impose Rule 11 sanctions on Plaintiff and his counsel.

## III.   LEGAL STANDARD GOVERNING MOTIONS UNDER RULE 11

Rule 11(b) of the Federal Rules of Civil Procedure imposes a duty upon those who sign pleadings "to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose."  *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994).  Rule 11 requires a plaintiff and his counsel to undertake a reasonable investigation of the facts and evidence available in light of the circumstances prior to filing.  *See, e.g., Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002); *Truesdell v. Southern Cal. Permanente Med. Group*, 151 F. Supp. 2d 1174, 1184-1185 (C.D. Cal. 2001).  A "[r]easonable inquiry means that the pleader must seek 'sufficient credible information,' rather than proceeding on mere suspicions, opinions, or conclusions."  *Islamic Shura Council of S. Cal. v. F.B.I.*, 278 F.R.D. 538, 543 (C.D. Cal. Nov. 17, 2011) (Carney, J.) (internal citations omitted), *rev'd on other grounds* 757 F.3d 870 (9th Cir.).

Rule 11 is governed by an objective standard of reasonableness.  *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir.1994).  "Counsel can[not] avoid the sting of Rule

1  11 sanctions by operating under the guise of a pure heart and empty head." *Zuniga v.*

2  *United Can Co.*, 812 F.2d 443, 452 (9th Cir.1987); *accord Conn v. CSO Borjorquez*,

3  967 F.2d 1418, 1420 (9th Cir. 1992). When considering whether to impose Rule 11

4  sanctions, a court should consider whether a position taken was "frivolous," "legally

5  unreasonable," or "without factual foundation, even if not filed in subjective bad

6  faith." *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986), *overruled on*

7  *other grounds, Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (Rule 11 is

8  "intended to be applied by district courts vigorously to curb widely acknowledged

9  abuse from the filing of frivolous pleadings and other papers"); *accord Townsend v.*

10  *Holman Consulting Corp.*, 929 F.2d 1358, 1362–65 (9th Cir. 1990) (en banc).

11    Finally, it is well established that Rule 11 sanctions are appropriate "where it is

12  shown that the Rule was violated as to a portion of a pleading, even though it was not

13  violated as to other portions." *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988);

14  *accord Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1363 (9th Cir. 1990);

15  *Senese v. Chicago Area Int'l Bhd. of Teamsters Pension Fund*, 237 F.3d 819, 826 n.3

16  (7th Cir. 2001) ("A litigant cannot expect to avoid all sanctions under Rule 11 merely

17  because the pleading or motion under scrutiny was not entirely frivolous.") (internal

18  quotes and citation omitted).  The same principle applies *a fotiori* to naming of parties.

19  The fact that a pleading does not run afoul of Rule 11 as to one defendant does not

20  justify adding others against whom the claim is frivolous.  *Townsend*, 929 F.2d at

21  1363-66 (Rule 11 sanctions against plaintiffs were proper where they sued plan for

22  medical benefits and joined plan's attorneys as co-defendants, despite uncontested

23  declarations from plan's attorneys that they played no role in plan's actions).

24  **IV.    THE ALLEGATIONS IN THE FAC DO NOT SATISFY RULE 11**

25    Plaintiff seeks to hold NRG Energy—the parent company of NRG Residential—

26  liable for Plaintiff's alleged TCPA claim.  Unable to allege direct liability against NRG

27  Energy, Plaintiff attempts to hold NRG Energy vicariously liable for the purported acts

28  of NRG Residential.  To do so, Plaintiff resorts to nothing more than conjecture and

speculation, none of which has any factual or legal support.

For instance, Plaintiff alleges in a conclusory manner that he is "informed and believes" that "each of the Defendants … was the alter ego[1] of each of the remaining defendants … and was the agent and employee of each of the remaining defendants." *See* FAC ¶ 5.  Plaintiff then alleges that he is "informed and believes" that NRG Residential "does not have any separate management structure," and "[i]nstead, its operations are planned and directed by Kelcy Pegler, Jr., under the supervision of David Crane and Mauricio Gutierrez, all three of whom are in the management structure of NRG Energy."  FAC ¶ 20.  The Callen and Olsen Declarations specifically refute these allegations.  In particular:

- As the parent company of NRG Residential, NRG Energy has no direct involvement in the management of day-to-day operations of NRG Residential.  Callen Decl. ¶ 4.  Likewise, neither NRG Energy's current or former President, nor its Chief Executive Officer, were directly involved in the day-to-day operations of NRG Residential.  *Id.* ¶ 5-6.

- NRG Residential has its own management structure, and it operates as a separate legal entity from its parent, NRG Energy.  Callen Decl. ¶ 7; Olsen Decl. ¶ 4.  As separate corporate entities, NRG Energy and NRG Residential do not commingle their funds or assets.  Callen Decl. ¶ 8; Olsen Decl. ¶ 5.  Both NRG Energy and NRG Residential maintain separate financial books.  Callen Decl. ¶ 9; Olsen Decl. ¶ 6.

Plaintiff's assertion of unsupported allegations on the basis of "information and belief" does not relieve either Plaintiff or his counsel from their Rule 11 obligations to

---

[1] It is a "deeply ingrained" "principle of corporate law" that "a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the alleged acts of its subsidiaries."  *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  A subsidiary will only be found to be the alter ego of its parent under two specific circumstances (not present here), and where it would be inequitable to treat the two entities as separate corporate bodies.  *See, e.g., Wady v. Provident Life and Accident Ins. Co.*, 216 F. Supp. 2d 1060, 1066 (C.D. Cal. 2002).

conduct a reasonable investigation before filing suit, nor does it insulate either of them from sanctions for failing to undertake such an investigation.  *See Delphix Corp. v. Actifo, Inc.*, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014).  Rather, pleading on the basis of "on information and belief" creates an "inference that plaintiff likely *lacks* knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree." *Id.* (emphasis added).  The Advisory Committee notes under Rule 11(b)(3) are instructive:

> Tolerance of factual contentions in initial pleadings by plaintiffs or defendants when specifically identified as made on information and belief *does not relieve litigants from the obligation to conduct an appropriate investigation into the facts that is reasonable under the circumstances*; it is not a license to join parties, make claims, or present defenses without any factual basis or justification.

Fed. R. Civ. P. 11, 1993 Notes of Advisory Committee, ¶ 7 (emphasis added).

Nor does Plaintiff have any factual basis for his allegations regarding internal discussions between NRG Energy and NRG Residential executives concerning a purported "telemarketing campaign."  Again, the Callen Declaration presents evidence contradicting the allegations set forth in the FAC.  In particular:

- At no time was NRG Energy or its management involved in overseeing or planning any telemarketing campaign to market solar panels to consumers.  Callen Decl. ¶ 10.

- At no time has NRG Energy or its management directed NRG Residential or third parties to make phone calls to consumers with pre-recorded voice messages as part of any telemarketing campaign.  *Id.* ¶ 11.

- At no time has NRG Energy or its management been involved in developing any "script" for pre-recorded messages as part of any telemarketing campaign.  *Id.* ¶ 12.

- And, at no time has NRG Energy or its management been involved in creating or managing a "Clean Energy Project" or any marketing

8

1    campaign conducted under that name.  *Id.* ¶ 13.

2         NRG Energy has been, and will continue to be, prejudiced if it is required to

3    defend this suit based upon the inaccurate allegations set forth in the FAC.  Plaintiff

4    seeks to hold NRG Energy vicariously liable under the TCPA.  That statute allows for

5    the recovery of up to $500 per call found to violate the act, which amount can be

6    trebled upon the finding of a willful or knowing violation.  *See* 47 U.S.C. § 227(b)(3).

7    Furthermore, Plaintiff seeks to represent a class of similarly situated people who he

8    alleges received similar calls to the ones he received.  If Plaintiff has his way, NRG

9    Energy may be forced to engage in intrusive and far-reaching discovery,[2] and defend a

10   putative class suit of potentially staggering exposure, all based on Plaintiff's inaccurate

11   (to say the least) allegations of alter ego and vicarious liability.

12        Because the TCPA does not impose any cap on the amount of damages that can

13   be awarded, and despite the fact that virtually no one can claim that they were harmed

14   by the receipt of a telephone call on their cell phone, the TCPA is attractive as a

15   potentially lucrative source of litigation.  *E.g. Creative Montessori Learning Ctrs. v.*

16   *Ashford Gear, LLC*, 662 F.3d 913, 915-16 (7th Cir. 2011).  Perhaps, Plaintiff—who is

17   a lawyer—and his counsel calculated that the expense of responding to Plaintiff's

18   intrusive discovery requests, and the possibility of an adverse judgment in a putative

19   class suit, may motivate NRG Energy to settle rather than litigate.  That may explain

20   why Plaintiff and counsel played fast and loose with the facts in the FAC.  Regardless

21   of their specific motivations, the Court should not condone either Plaintiff's or his

22   counsel's actions.  Rather, the Court should fashion an appropriate sanction so that

23   counsel and his lawyer-client are held accountable.

24

25   _____

26   [2] Plaintiff has already served discovery requests on NRG Energy, and has demanded
     responses to interrogatories and production of documents, even though he has no Rule
27   11 basis upon which to sue NRG Energy in the first place.  *See* Exhibits A and B to
     Blase Declaration.  In fact, much of the discovery that Plaintiff now seeks underscores
28   the fact that Plaintiff failed to undertake any factual investigation before making the
     false allegations set forth in the FAC.

# V.   **CONCLUSION**

For the reasons stated herein, the Court should grant this motion and order the following relief:

1.     Strike all allegations regarding NRG Energy and its senior executives found in the FAC;

2.     Dismiss the FAC against NRG Energy, with prejudice;

3.     Direct the clerk to enter judgment for NRG Energy and against Plaintiff, because there is no just reason for delay, *see* Fed. R. Civ. P. 54(b); *see also Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992-93 (noting that an order dismissing one party but allowing the suit to continue against remaining defendants satisfies Rule 54(b) where the district court makes an "express determination that there is no just reason for delay and ... an express direction for the entry of judgment.").

4.     Order Plaintiff and his counsel to reimburse NRG Energy for attorneys' fees and costs incurred in defending this action on or after August 31, 2015, the date on which Plaintiff filed the FAC;

5.     Disqualify Plaintiff and his counsel from representing a class against the remaining defendant in this case, *see Creative Montessori Learning Ctrs. v. Ashford Gear, LLC*, 662 F.3d 913, 915-16 (7th Cir. 2011); *see also Arroyo v. TP-Link USA Corp.*, Case No. 2:16-cv-01044-PA-KK, slip op. at 9 (C.D. Cal. Apr. 20, 2016) (Anderson, J.) (disqualifying plaintiff's counsel from representing putative class where plaintiff's counsel made false statements in pro hac vice application); and

6.     Award such other relief as the Court deems just and equitable.

K&L GATES LLP

Dated: July 8, 2016              By:  s/ Gregory N. Blase
                                      Kevin S. Asfour
                                      Cassandra S. Payton
                                      Andrew C. Glass (*pro hac vice*)
                                      Gregory N. Blase (*pro hac vice*)

                                      *Attorneys for Defendant*
                                      *NRG ENERGY, INC.*