**THE SPENCER LAW FIRM**
Jeffrey Spencer , Esq., (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA  92673
Telephone No: (949) 240-8595
Facsimile No:  (949) 240-8515
jps@spencerlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISON

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and on behalf of all persons similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>NRG ENERGY, INC., NRG RESIDENTIAL SOLAR SOLUTIONS LLC and DOES 1 Through 100, Inclusive,<br><br>        Defendants.<br>_____ | ) **Case No SACV-15-01128-CJC-JCG**<br>)<br>) **CLASS ACTION**<br>)<br>)<br>) **OPPOSITION TO DEFENDANT**<br>) **NRG ENERGY'S RULE 11**<br>) **MOTION;  AND DECLARATION**<br>) **OF JEFFREY SPENCER IN**<br>) **SUPPORT THEREOF**<br>)<br>)<br>)<br>)<br>)<br>) |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF

RECORD: PLEASE TAKE NOTICE THAT Plaintiff hereby files an Opposition to

Defendant NRG Energy's Rule 11 Motion.

DATED: August 1, 2016

Respectfully submitted,

By:_____/S/_____

-1-

JEFFREY SPENCER
Attorneys for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**OPPOSITION TO  RULE 11 MOTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................1

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY ..........................2

III. THERE ARE NO GROUNDS TO IMPOSE RULE 11 SANCTIONS .............6

    A. STANDARDS GOVERNING RULE 11 MOTIONS ...................................7

    B.  DEFENDANT CANNOT MEET ITS BURDEN OF PROOF....................9

        1. There has been no finding that the allegations are baseless ....................9

        2. Defendant has not Proved Plaintiff Failed to Conduct a Reasonable ........
          Inquiry.................................................................................12

IV. THE SANCTIONS DEFENDANT REQUESTS ARE NOT
    WARRANTED .................................................................................17

V.    CONCLUSION......................................................................**18**

# **TABLE OF AUTHORITIES**

**CASES**

Arroyo v. TP-Link USA Corp., Case No. 2:16-cv-01044-PA-KK, slip op……….17

Christian v. Mattel, Inc., 286 F.3d 1118, (9th Cir. 2002)…………………………17

Creative Montessori Learning Ctrs. v. Ashford Gear, LLC, 662 F.3d 913
(7th Cir. 2011)……………………………………………………………………..17

Greenberg v. Sala, 822 F.2d 882 (9th Cir. 1987)…………………………………7,8

In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, (9th Cir. 1996)…………7,8,9,11

In re Pfizer Inc., 288 F.R.D. 297, 2013 U.S. Dist. (S.D.N.Y. 2013)………………9

Luxul Tech. Inc. v. NectarLux, LLC. 2016 U.S. Dist. LEXIS 78899, *14
(N.D. Cal. June 16, 2016)…………………………………………………………2

Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336

**OPPOSITION TO  RULE 11 MOTION**

(9th Cir. Cal. 1988)…………………………………………………………………7

Safe-Strap Co. v. Koala Corp. 270 F Supp. 2d 407  (SDNY 2003)……………….10

**STATUTES**

Fed.R.Civ.P. Rule 11………………………………………………1,9,13,14,18

**OPPOSITION TO  RULE 11 MOTION**

# MEMORANDUM OF POINTS AND AUTHORITIES

# I.

# INTRODUCTION

Rule 11 motions should not be made or threatened for minor, inconsequential violations of the standards prescribed by subdivision (b). **They should not be employed as a discovery device or to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.**  Nor should Rule 11 motions be prepared to emphasize the merits of a party's position, to exact an unjust settlement, **to intimidate an adversary into withdrawing contentions that are fairly debatable**, to increase the costs of litigation, to create a conflict of interest between attorney and client, **or to seek disclosure of matters otherwise protected by the attorney-client privilege or the work-product doctrine.** [emphasis added]  Fed. R. Civ. P. 11, 1993 Notes of Advisory Committee, ¶19.

Defendant's Rule 11 Motion violates these fundamental principles. It cannot be reasonably debated that the Rule 11 Motion seeks to test the legal sufficiency of the allegations in the First Amended Complaint, to intimidate the Plaintiff to abandon the allegations against NRG Energy which are fairly debatable and seeks the disclosure of attorney work product.

When Rule 11 sanctions are party-initiated, the burden is on the moving party

-1-

1
2
to demonstrate why sanctions are justified. (<u>Luxul Tech. Inc. v. NectarLux, LLC</u>.

2016 U.S. Dist. LEXIS 78899, *14 (N.D. Cal. June 16, 2016)

3
4
As detailed below Defendant cannot meet this burden.

5
## **II.**

6
## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

7
8
9
This case arises out of a phone call the Plaintiff received on his cellular

telephone containing a prerecorded message offering to reduce his electricity bill by

10
20%.  At the end of the recorded message, there was an option to push "1" to speak

11
to a live person.   Plaintiff pressed "1" and a woman spoke to him.  The woman said

12
13
she represented the "Clean Energy Project" in Ventura County, California, and

14
explained that she needed to ask a series of questions to see if Plaintiff qualified for

15
the program.  She explained she represented a solar energy installation company.

16
17
She asked a series of questions about Plaintiff's house and his electricity bill, which

18
Plaintiff answered.  She said he would be contacted by a contractor who would

19
20
come by the house and do an inspection.  An appointment was scheduled. On June

21
12, 2015, "Victor" called Plaintiff.  He explained he worked for "NRG Home Solar"

22
in New Jersey.  He said he was following up on the previous call and wanted to

23
24
confirm the appointment would go forward.  Plaintiff informed Victor he already

25
had solar panels and Victor thanked him but cancelled the appointment.

26
Plaintiff filed a class action complaint in California Superior Court against

27
28
defendants NRG Energy and NRG Residential Solar Solutions on June 17, 2015 for

-2-

1

2

violations of the Telephone Consumer Protection Act.  Thereafter, Plaintiff filed a

First Amended Complaint on August 31, 2015. (Dkt. 19) (Spencer Declaration ¶2)

3

4

5

6

7

8

9

Plaintiff served discovery on the Defendants on September 2, 2015.  Before

the discovery responses were due Defendants filed a Motion to Stay pending the

outcomes of the <u>Spokeo v. Robbins</u> and <u>Campbell-Ewald Co. v. Gomez</u> cases

pending in the Supreme Court.  The Court granted the Motion to Stay. (Dkt. 35 )

(Spencer Declaration ¶ 3)

10

11

12

13

14

15

16

17

18

19

20

The Court lifted the Stay on May 31, 2016. (Dkt. 39) Thereafter, Plaintiff

initiated the meet and confer process regarding Defendants' unserved responses to

the pending discovery. In order to afford Defendants a reasonable time to respond to

the discovery after the stay was lifted, Plaintiff agreed Defendants' discovery

responses would be due July 1, 2016. During the discussions regarding the extended

discovery response deadline, Defense Counsel made no mention that he was going

to pursue a Rule 11 Motion or initiate the safe harbor period before providing his

clients' discovery responses. (Spencer Declaration ¶4 )

21

22

23

24

25

26

27

28

Taking advantage of the extension of time granted by Plaintiff, on June 9,

2016, Defendant NRG Energy served a draft of a Rule 11 Motion seeking summary

judgment type relief including the dismissal of all claims against NRG Energy,

monetary sanctions and the disqualification of Plaintiff's Counsel. The draft motion

contained the declarations of two of Defendants' corporate officers denying the

factual allegations alleged against NRG Energy. The declarations were presented to

-3-

**OPPOSITION TO  RULE 11 MOTION**

1
2
Plaintiff for the first time on June 9, 2016 in the draft Rule 11 Motion.  (Spencer Declaration ¶5)

3
4
5
Defendant strategically timed its initiation of the Rule 11 proceedings so the safe harbor period would end before Plaintiff received its discovery responses.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
During the meet and confer process Plaintiff requested Defendant to forego the Rule 11 Motion or at least extend the safe harbor period until Plaintiff could obtain substantive responses to the pending discovery and could conduct sufficient discovery to oppose the motion including but not limited to the depositions of the corporate officers who submitted declarations in support of the Motion.  Defendant refused the request to forego the motion or extend the safe harbor period. (Spencer Declaration ¶ 6) Defendant initially offered to make the declarants available for deposition in New Jersey provided Plaintiff limited the questioning to the subject matter of their declarations and provided Defendants with the documentation Plaintiff relied upon in support of the allegations against NRG Energy. (Spencer Declaration ¶7)

21
22
23
24
25
26
27
28
On July 6, 2016 Plaintiff accepted Defendants' offer to take the depositions of the declarants, but explained the scope of the depositions should not be limited to the subject matter of the Declarations because the declarants were material witnesses (one of them is an officer of NRG Residential Solar which is not bringing the Rule 11 Motion and the other is an officer of NRG Energy) who were appropriately subject to deposition regarding all of the allegations in the Complaint

-4-

and it would be extremely inefficient and expensive to travel to New Jersey to take their depositions on multiple occasions.  (Spencer Declaration ¶8)  Plaintiff's Counsel believed the meet and confer process was continuing regarding the scope of the depositions.  However, on July 8, 2016, Defendant filed the Rule 11 Motion. (Spencer Declaration ¶9)

On July 5, 2016, Plaintiff received Defendants' responses to the interrogatories and requests for production he had served on the Defendants in September 2015.  No documents were produced although Defendants promised to produce some documents by August 1, 2016 and promised to produce other documents after a protective order had been entered by the Court.  Defendants objected to all of the interrogatories and in particular refused to identify who was responsible for making the robocalls to Plaintiff and the class members.  It should be noted that in support of the Rule 11 motion (Dkt.. 41), Defendants deny that NRG Energy, Inc. had anything to do with the telemarketing campaign, but in its discovery responses NRG Residential does not admit it was responsible for the campaign either.  Plaintiff has engaged in a Rule 37 conference with Defendants regarding the discovery responses and is proceeding with the steps  to compel further responses. (Spencer Declaration, ¶ 10)

On July 11, 2016 Plaintiff filed an Ex Parte Application for an order extending the hearing date and opposition deadline on Defendant's Rule 11 Motion to dates in October 2016 so Plaintiff could; 1) compel compliance with the written

**OPPOSITION TO  RULE 11 MOTION**

1
2
3
4
5
6
7
8
9
10
11
12
13
14

discovery requests and 2) conduct the depositions of the declarants and Kelcy Pegler who was the CEO of NRG Residential Solar and an officer of NRG Energy when the FAC was filed in order to oppose the Motion. (Dkt. 43) (Spencer Declaration ¶ 11) In the Ex Parte Plaintiff observed that the Rule 11 Motion was based upon matters outside the pleadings including declarations that were not available to Plaintiff at the time the FAC was filed and was seeking Rule 56 relief including terminating sanctions. Therefore, it was tantamount to a Motion for Summary Judgment and Plaintiff was entitled to obtain discovery to oppose the Motion and there was inadequate time for Plaintiff to travel to New Jersey to take the depositions of the Declarants and compel responses to discovery prior to the August 1, 2016 opposition deadline.

15
16
17
18
19
20
21
22
23
24
25

On July 15, 2016 the Court denied the ex parte application. (Dkt. 46) However, in doing so the Court assured Plaintiff that he was not facing a motion akin to summary judgment. Instead, the Court indicated that the Rule 11 motion would be limited to the question whether before filing the FAC, Plaintiff conducted a reasonable investigation of the facts and evidence available under the circumstances, *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002), and whether the FAC itself is "well-grounded in fact." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994)." (Doc. 46)

26
27
28

### **III.**

### **THERE ARE NO GROUNDS TO IMPOSE RULE 11 SANCTIONS**

## A.  STANDARDS GOVERNING RULE 11 MOTIONS

The Ninth Circuit has held that Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." Operating Engineers Pension Trust v. A-C Co., 859 F.2d 1336, 1345, (9th Cir. Cal. 1988).  Sanctions are reserved for "rare and exceptional case[s] where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously."  Id. at 1344

Rule 11 sanctions may be imposed: "[(1)] where a litigant makes a 'frivolous filing,' that is where he files a pleading or other paper which no competent attorney could believe was well grounded in fact and warranted by law; and [(2)] where a litigant files a pleading or paper for an 'improper purpose,' such as personal or economic harassment." Greenberg v. Sala, 822 F.2d 882, 885 (9th Cir. 1987).

When a Rule 11 Motion addresses a complaint the "improper purpose" analysis is not necessary because a non-frivolous complaint cannot be said to be filed for an improper purpose.  Id

A complaint is factually frivolous if a competent attorney, after reasonable inquiry, could not form a reasonable belief that the complaint was well founded in fact. Id. at, 822 F.2d  887

A frivolous filing is one that is "both baseless and made without a reasonable and competent inquiry." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th

Cir. 1996)  The "baseless" and "reasonable inquiry" requirements are conjunctive, not disjunctive. Therefore, "[a]n attorney may not be sanctioned for a [filing] that is not well-founded, so long as she conducted a reasonable inquiry. By the same token, an attorney cannot "be sanctioned for a complaint which is well-founded, solely because she failed to conduct a reasonable inquiry." Id.  In *Keegan Management Co*. Rule 11 sanctions due to lack of pre-filing investigation were reversed because post filing discovery revealed a basis for the allegations even though Summary Judgment was granted in Defendant's favor.

In the case of Greenberg v. Sala, 822 F.2d 882, 886-887, (9th Cir. Nev. 1987) the Court provided a list of instances where Rule 11 sanctions were imposed including  where an error or admission by a litigant undermined his entire case in a single stroke.  The Court noted, "In less startling cases, we are reluctant to impose sanctions for factual errors, especially errors in papers filed before an opportunity for discovery, if the litigant has conducted a reasonable inquiry into the facts." Id.

A complaint based on reasonable inquiry should not be found to be factually frivolous unless some clear authority or a litigant's own clear admission erases the factual underpinning from some essential element of the litigant's pleading. Id.

For the purposes of Rule 11, "The certification is that there is (or likely will be) "evidentiary support" for the allegation, not that the party will prevail with respect to its contention regarding the fact. That summary judgment is rendered against a party does not necessarily mean, for purposes of this certification, that it

**OPPOSITION TO  RULE 11 MOTION**

1
2
had no evidentiary support for its position." <u>Fed. R. Civ. P. 11, 1993 Notes of</u>
<u>Advisory Committee Notes</u> ¶8

3
**B.  DEFENDANT CANNOT MEET ITS BURDEN OF PROOF**

4
5
6
7
8
9
In order to prevail on the motion Defendant must prove that the allegations against NRG Energy are "both baseless and made without a reasonable and competent inquiry." (In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th Cir. 1996).  Defendant has not met this burden.

10
**1.  <u>There has been no finding that the allegations are baseless</u>**

11
12
13
14
15
16
17
18
19
20
21
In filing a Rule 11 motion by itself, challenging the allegations in the First Amended Complaint unaccompanied by a separate motion to dismiss under Rule 12(b)(6) or for summary judgment under Rule 56, Defendant makes an unprecedented request to this Court – to impose sanctions without ever finding that the legal allegations against NRG lack merit.  There is absolutely no support of that approach.  None of the cases cited by support the idea that a court can dismiss a case under Rule 11 without first having granted a separate motion to dismiss or without the Plaintiff dismissing the case on his own outside the safe harbor period.

22
23
24
25
26
27
28
Defendant's approach has been expressly rejected. A motion for Rule 11 sanctions is not the appropriate vehicle to test the truth or falsity of allegations in a complaint. <u>In re Pfizer Inc.</u>, 288 F.R.D. 297, 331, 2013 U.S. Dist. (S.D.N.Y. 2013) In that mater the Court denied a Rule 11 Motion without prejudice until there was an adjudication on the merits. The Court observed, "Pfizer's claim is that Plaintiffs

misrepresented the Quoted Former Employees in such manner that their allegations

lacked any factual basis. If I were to accept this claim and sanction Plaintiffs, it

would be tantamount to discrediting the truth of these allegations. Such a finding, if

warranted, is and should remain in the discretion of the fact finder. A motion for

sanctions cannot serve as an end-run around the fact finder's exclusive role to

resolve factual disputes." Id.  A Rule 11 motion for sanctions is not a proper

substitute for a motion for summary judgment. Safe-Strap Co. v. Koala Corp. 270 F

Supp. 2d 407, 416 (SDNY 2003).

Plaintiff has been unable to locate a single case where Rule 11 sanctions have

been imposed due to failure to conduct an adequate investigation before filing a

complaint where there has not been a separate adjudication of the merits of the

claims and none of the cases cited by the Defendants address that situation.

The only evidence Defendant presents that the allegations are baseless is the

declarations of two corporate employees disavowing the alleged conduct.  The

declarations were not provided to the plaintiff until June 6, 2016 nearly eleven

months after the Amended Complaint was filed. (Spencer Declaration ¶5) This

Court already ruled when it denied ex parte relief, that the only relevant facts are

those known to Plaintiff when the FAC was filed and that this motion would not be

treated akin to a summary judgment motion.  (Dkt. 46)

If Defendant had brought a separate Rule 12(b)(6) motion, those two

declaration would have been extrinsic evidence and would have to be disregarded.

-10-

As the allegations are sufficient to establish liability for NRG Energy, the Rule 12

(b)(6) motion would have been denied.  That is why Defendants did not bring a Rule

12 motion.

Now suppose Defendants brought a Rule 12 motion and a separate Rule 11

motion for sanctions.  If the Rule 12 motion was denied, how could the Rule 11

motion be granted?  Plainly, it could not.  A party cannot be sanctioned even if he

conducts no investigation before filing a complaint but turns out to be correct.(In re

Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 434 (9th Cir. 1996)  Even if the

plaintiff ultimately loses on the merits Rule 11 sanctions cannot be imposed if post-

filing discovery revealed sufficient evidence to render the complaint non-frivolous.

Id. at 435.

"The Rule 11 motion concerns whether, before filing the FAC, Wilens

undertook a reasonable investigation of the facts and evidence available under the

circumstances, and whether the FAC itself is "well-grounded in fact." (Doc. 46)

Stripping away the improper and yet untested declarations, Defendant has

produced no competent evidence that that allegations are without merit.  Defendant

may respond that the declarations should be considered but how?  Such declarations

could only be considered in a motion for summary judgment, which this Court

assured Plaintiff this is not.

Since there has been no finding that the allegations against NRG are baseless,

and a standalone Rule 11 Motion cannot be a vehicle for such a finding, the motion

-11-
**OPPOSITION TO  RULE 11 MOTION**

must be denied.

### 2.     Defendant has not Proved Plaintiff Failed to Conduct a Reasonable Inquiry

Based on the foregoing deficiency, there is no need to even consider the second requirement for imposition of Rule 11 sanctions, whether Plaintiff failed to conduct a reasonable investigation prior to filing the FAC.  If Defendant had brought a motion for summary judgment or a motion for judgment on the pleadings and it had been granted, then and only then, could the Court move on to the second question.  Nevertheless, even if summary judgment had been granted, there still would be no basis to award sanctions.

Plaintiff conducted a reasonable inquiry into the allegations against NRG Energy prior to filing the First Amended Complaint. FRCP Rule 11(b)(3) states what is required is that the factual contentions have evidentiary support or, would likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Defense counsel Blasé has presented a distorted and incomplete description of the investigation conducted by Plaintiff prior to filing the FAC.  In his declaration, Mr. Blasé purports to quote informal comments made by Plaintiff's Counsel and attests that "Plaintiff's counsel took the position that the basis for Plaintiff's claims against NRG Energy is found on NRG Energy's own website."  (Doc. 45 ¶5)  This statement does not speak to the research Plaintiff conducted or constitute an admission that Plaintiff did not conduct investigation prior to filing the FAC.  It is

-12-

also misleading because NRG's webpage contained links to voluminous SEC filings and press releases that did provide support for the allegations.

Plaintiff 's counsel never told Mr. Blasé that the only investigation conducted was to look at the face of NRG's webpage.  Plaintiff simply explained in informal phone conversations that ample evidence supporting Plaintiff's claims was contained in the website and its attached links to NRG's SEC filings. (Spencer Declaration ¶12)   It appears Mr. Blasé intentionally omitted that Plaintiff's counsel advised him that Plaintiff's investigation included a review of NRG's SEC filings available on its website  in order to give the false impression that Plaintiff was simply inventing claims, which was not the case.

Mr. Blasé's claim that that Plaintiff would not describe what if any investigation was conducted before filing the FAC is false. Plaintiff's counsel advised him that Kelcy Peglar's joint role as CEO of NRG Home Solar and NRG Energy was stated on NRG Energy's webpage and other factual support was contained in NRG Energy's SEC filings that were available on its webpage. (Spencer Declaration ¶13)   Mr. Blase was not entitled that that information in any event.  The steps Plaintiff took to investigate the claims are protected attorney work product. Rule 11 "does not require a party or an attorney to disclose privileged communications or work product in order to show that the signing of the pleading, motion, or other paper is substantially justified." (Fed.R.Civ.P. Rule 11, 1993 Committee Note).  Plaintiff Counsel's alleged refusal to reveal work product is not

-13-

evidence that Counsel failed to conduct a reasonable investigation.

Mr. Blase also takes issue with a statement he attributes to Plaintiff's Counsel that he intended to substantiate the allegations in the FAC through discovery. Such a statement is entirely consistent with the FRCP  Rule 11(b)(3) requirement that the factual contentions have evidentiary support or, would likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Tellingly, Defendant has failed to provide any evidence that information accessible on NRG's website could not provide evidential support for Plaintiff's claims.  To the contrary, taken as a whole, the information available on NRG's website at the time the FAC was filed provided evidentiary support of the allegations and provided a basis for concluding the allegations would likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Some of the relevant information derivable from the information on NRG Energy's website at the time the FAC was filed includes:

NRG Energy's 2014 10k  report which states at pg. 60,  "The Company owns and operates approximately 52,000 MWs of generation; engages in the trading of wholesale energy, capacity and related products around those generation assets; transacts in and trades fuel and transportation services; and **directly sells** energy, services, and innovative, **sustainable products and services to retail customers under the name "NRG"** and **various other retail brand names owned by NRG**.

-14-

1

(emphasis added) (Spencer Declaration ¶14  Ex. 1 )

2

NRG Energy's 2014 10k report which states at pg. 10 that  "in 2014 the

3

4

Company acquired one of the nation's leading residential solar companies, Roof

5

Diagnostics Solar, now doing business as NRG Home Solar, to support and expand

6

the Company's efforts to empower its customers to control their own energy choices

7

through clean self-generation. Also in 2014, the Company acquired Pure Energies, a

8

9

residential solar industry company focused on web and telephone based customer

10

acquisition. Pure Energies enables a simplified customer adoption process and

11

provides NRG Home Solar national sales capabilities. In addition to leveraging the

12

13

NRG Home Retail Business, the combination of RDS and Pure Energies provides

14

NRG Home Solar the platform to meet the growing demand for high quality

15

residential solar services delivered by a market leader in delivering retail electricity

16

17

services in the home." (Spencer Declaration ¶15  Ex. 1) These facts support the

18

allegations NRG Energy was involved in and directed the marketing of solar energy

19

via telemarketing to the plaintiff and the class members and supports the good faith

20

21

belief that additional facts supporting the allegation could be obtained through

22

discovery.

23

NRG Energy issued a  2014 press release stating NRG Home is a division of

24

25

NRG Energy. (Spencer Declaration ¶16   Ex.2 )  This fact supports the allegations

26

that NRG Residential Solar Solutions which is part of NRG Home is also part of

27

NRG Energy either as a division or alter ego and that additional facts supporting the

28

-15-

allegations could be obtained through discovery.

At the time the FAC was filed NRG Energy's website reflected that Kelcy Pegler was the CEO of NRG Home Solar and  was simultaneously an officer of NRG Energy. (Spencer Declaration ¶ 17 Ex. 3)  The shared management structure of NRG Energy and NRG  provides factual support for the allegation that NRG Energy and NRG Residential Solar did not have a separate management structure and that its operations were planned and directed by Kelcy Pegler Jr. under the supervision of NRG Energy executives who participated in, ratified and or directed the telemarketing campaign including the use of pre-recorded phone messages to cell phones.

Mr. Pegler's roll in the management of  both companies and the fact that NRG Energy created "NRG Home" out of a solar installation company and a telemarking company to market solar directly to consumers, and NRG Energy's affirmative representations of directly selling energy, services, and innovative, sustainable products and services to retail customers under the name "NRG" and various other retail brand names owned by NRG provided Plaintiff with an objectively reasonable well grounded basis in fact make the allegations against NRG Energy.

Plaintiff conducted an extensive investigation of Defendant NRG Energy's SEC filings, publicly available information and information on Defendant's webpage before filing the First Amended Complaint. (Spencer Declaration ¶18)

**OPPOSITION TO  RULE 11 MOTION**

This case is nothing like <u>Christian v. Mattel, Inc.</u>, 286 F.3d 1118, (9th Cir. 2002) where Rule 11 sanctions were imposed after a motion for summary judgment, and it was obvious that the patent claims alleged were meritless.

It cannot be reasonably disputed that the factual contentions have evidentiary support or, would likely have evidentiary support after a reasonable opportunity for further investigation or discovery thereby meeting the requirements of Rule 11(b)(3).

## IV.

## THE SANCTIONS DEFENDANT REQUESTS ARE NOT WARRANTED

There is no authority that based on these facts, the Court can impose sanctions of dismissal or disqualification of class counsel/class representative or even monetary sanctions.  Dismissal of a claim requires a Rule 12 or 56 motion or violation of court orders leading up to proper imposition of terminating sanctions. Disqualification of counsel has never been imposed merely by filing a complaint that alleged a parent company directed conduct of its subsidiary.  The cases cited by Defendant, <u>Creative Montessori Learning Ctrs. v. Ashford Gear, LLC</u>, 662 F.3d 913, 915-16 (7th Cir. 2011); see also <u>Arroyo v. TP-Link USA Corp.</u>, Case No. 2:16-cv-01044-PA-KK, slip op. at 9 (C.D. Cal. Apr. 20, 2016) (Anderson, J.) are inapposite as they involved false statements made by counsel to the court or to class members or third parties – not the filing of a complaint with allegedly inadequate investigation.

**OPPOSITION TO  RULE 11 MOTION**

"Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty." Fed. R. Civ. P. 111993 Notes of Advisory Committee, ¶11

Additionally, an award of attorney's fees should not provide compensation for services that could have been avoided by an earlier disclosure of evidence or an earlier challenge to the groundless claims or defenses. Fed. R. Civ. P. 111993 Notes of Advisory Committee, ¶11. Although monetary sanctions are not warranted under the facts of this case, here Defendant did not provide the declarations of its employees denying the allegations until June 6, 2016 in conjunction with the "file ready" Rule 11 Motion and any award of attorneys' fees could not include any fees previously incurred.

## IV.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court to deny the Rule 11 motion for sanctions in its entirety.

DATED: August 1, 2016

Respectfully submitted,

By:_____/S/_____
        JEFFREY SPENCER
        Attorneys for Plaintiff