# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY WILENS, on behalf of himself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NRG ENERGY, INC, NRG RESIDENTIAL SOLAR SOLUTIONS LLC,<br><br>Defendant. | Case No.: SACV 15-01128-CJC(JCGx)<br><br>**ORDER DENYING NRG ENERGY, INC.'S MOTION FOR SANCTIONS** |

## I.  INTRODUCTION

Plaintiff Jeffrey Wilens brings this action against Defendants NRG Energy, Inc., and NRG Residential Solar Solutions LLC [NRG Residential] for violations of the

Telephone Consumer Protection Act, 47 U.S.C. § 227.  Currently before the Court is Defendant NRG Energy's motion for sanctions against Plaintiff and Plaintiff's counsel.

Having now fully considered the evidence and arguments presented in the parties' briefing, the Court concludes that Plaintiff's counsel's conduct does not meet the high standard necessary to justify sanctions under Federal Rule of Civil Procedure 11.  For the following reasons, the motion is DENIED.[1]

## II. BACKGROUND

This case arises from a telephone call plaintiff received on his cellular telephone on June 11, 2015.  (Dkt. 19 ¶ 14.)  Shortly thereafter, Plaintiff initiated this class action against NRG Energy, Inc. and its wholly owned subsidiary NRG Residential Solar Solutions under the Telephone Consumer Protection Act.  When NRG Energy moved to dismiss Wilens' initial complaint on the basis that its allegations all pertained to NRG Residential and not its parent NRG Energy, (Dkt. 15), Plaintiff filed the First Amended Complaint [FAC] at issue here, (Dkt. 19).

The FAC alleges that NRG Energy is liable because NRG Residential does not have a separate management structure, the companies are alter egos of each other, NRG Energy oversaw and planned the telemarketing campaign, and "the same individuals at both companies" developed, approved, and directed the offending phone calls.  (FAC ¶¶ 20–22.)  Believing the allegations concerning NRG Energy's liability to be baseless and that the requisite pre-filing investigation mandated by Rule 11 had not been conducted, NRG Energy contacted Wilens' counsel to determine the factual underpinnings for those

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  See Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for August 22, 2016, at 1:30 p.m. is hereby vacated and off calendar.

allegations. Unsatisfied with Wilens' counsel's answers, NRG Energy filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (Dkt. 41.) Attached to the motion were two declarations, one by an executive of NRG Energy and one from an executive of NRG Residential, attesting to facts that counter Plaintiff's allegations. (*Id.*)

### III. LEGAL STANDARD

Rule 11(b) of the Federal Rules of Civil Procedure imposes a duty upon those who sign pleadings "to certify by their signature that . . . the pleading or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (quoting Fed. R. Civ. P. 11). Rule 11 requires a plaintiff and his counsel to undertake a reasonable investigation of the facts and evidence available in light of the circumstances prior to filing. *See, e.g.*, *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). A "[r]easonable inquiry means that the pleader must seek sufficient credible information, rather than proceeding on mere suspicions, opinions, or conclusions." *Islamic Shura Council of S. Cal. v. F.B.I.*, 278 F.R.D. 538, 543 (C.D. Cal. Nov. 17, 2011) (internal citations omitted), *rev'd on other grounds*, 757 F.3d 870. Rule 11 is governed by an objective standard of reasonableness. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).

Rule 11 sanctions are "an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A–C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Sanctions are reserved for "the rare and exceptional case where the action is clearly frivolous." *Id.* at 1344. That standard is met when attorneys file "a pleading or other paper which no competent attorney could believe was well grounded in fact."[2]

---

[2] Defendant argues that sanctions can be granted when claims are frivolous as to one party even if not to other parties, extrapolating from the established principle that "'the mere existence of one non-frivolous claim' in a complaint does not immunize it from Rule 11 sanctions." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1364 (9th Cir.

*Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987).  Frivolous filings are "*both* baseless *and* made without a reasonable and competent inquiry." *In re Keegan*, 78 F.3d at 434 (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc)).

The decision to impose sanctions is within the sound discretion of the district court.  *See Christian*, 286 F.3d at 1126–27.  "Courts must also 'avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading . . . was submitted.'" *Operating Engineers*, 859 F.2d at 1344 (quoting *Hudson v. Moore Business Forms, Inc.*, 827 F.2d 450, 453–55 (9th Cir.1987)).  The Court is "reluctant to impose sanctions for factual errors, especially errors in papers filed before an opportunity for discovery, if the litigant has conducted a reasonable inquiry into the facts." *Greenberg*, 822 F.2d at 886–87.

**IV.  ANALYSIS**

As the Court emphasized in its July 15, 2016, order denying Plaintiff's request for a continuance on this motion, the Court's evaluation is not akin to summary judgment but rather is limited to the factual basis and reasonableness of the inquiry *prior* to filing the FAC.  (Dkt. 46 at 2.)  Defendant's argument erroneously relies primarily on the two declarations attached to its Rule 11 motion, which were produced months after the FAC's filing.  (Dkt. 41 at 2–4, 7–9.)  Defendant presents no argument that the content of the declarations was unreasonably absent from the FAC.[3]  Even if the declarations challenge

---

1990) (en banc)).  Plaintiff does not contest Defendant's assertion.  As the standard for sanctions is not met, the Court need not reach the issue.

[3] Defendant's citation to *Grynberg v. Ivanhoe Energy, Inc.*, 663 F.Supp.2d 1022 (D. Colo. 2009), for the proposition that sanctions may be granted for pleadings shown to be baseless on the basis of declarations filed with the court in the motions for sanctions, is misleading.  (*See* Dkt. 49 at 6 n.6.)  Unlike here, in *Grynberg* the Plaintiff filed an amended complaint *following* the Rule 11 safe harbor period which was deemed to insufficiently respond to information within the declarations that had previously been filed

the merits of Plaintiff's accusations, such refutation is more appropriately brought as a motion for summary judgment, following suitable opportunity for discovery.

Defendant's challenge to the evidence Plaintiff cites is similarly wide of the mark. Regardless of the Defendant's opinion on the strength of the evidence, Plaintiff's complaint is not so egregiously devoid of evidentiary basis as to warrant sanctions. For example, while Defendant urges a different interpretation of Plaintiff's reliance on its 2014 SEC filing, (Dkt. 49 at 2–3), which includes the assertion that NRG Energy "directly sells energy, services, and innovative, sustainable products and services to retail customers," (Dkt. 48-1 at 12), Plaintiff's conclusion that Defendant was involved in the allegedly illegal telemarketing campaign is not a sanctionable inference. Similarly, while Defendant dismisses Plaintiff's reliance on a press release Defendant issued stating that NRG Residential is a "division" of NRG Energy, not an independent subsidiary, (Dkt. 48-1 at 13–14; *see* Dkt. 49 at 3 n.2; Dkt. 48 at 15–16), such reliance does not rise to the high standard required for sanctions. Finally, the inclusion of NRG Residential's CEO on NRG Energy's management webpage,[4] (Dkt. 48 at 16), even without direct identification of the former as a director of the latter, provides sufficient basis for Plaintiff's claims to avoid sanctions.

---

with the Rule 11 motion. *See Grynberg*, 663 F.Supp.2d at 1024. As mentioned above, Plaintiff's decision to not file a second amended complaint in response to this motion limits the Court's analysis to the factual basis and investigation conducted at the time of the filing of the FAC.

[4] Plaintiff's exhibit is not entirely clear, but the format and nature of the exhibit indicate it is an earlier iteration of http://www.nrg.com/company/about/our-management/.

The Court does not take any position as to the legal sufficiency of Plaintiff's claims and evidence regarding NRG Energy beyond the finding that they are not so lacking as to merit sanctions. Therefore, consideration of the reasonableness of Plaintiff's counsel's inquiry is unnecessary as is the appropriateness of Defendant's proposed sanctions.

**V.  CONCLUSION**

For the foregoing reasons, Defendant's motion is DENIED.

DATED:   August 16, 2016

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE