**THE SPENCER LAW FIRM**
Jeffrey Spencer, Esq., (State Bar No. 182440)
903 Calle Amanecer, Suite 220
San Clemente, CA  92673
Telephone No: (949) 240-8595
Facsimile No: (949) 240-8515
jps@spencerlaw.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARA ALLEN and GILBERT ABARCA, on behalf of themselves and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NRG ENERGY, INC., NRG RESIDENTIAL SOLAR SOLUTIONS LLC and DOES 1 Through 100, Inclusive,<br><br>Defendants.<br>_____ | ) **Case No SACV-15-01128-CJC-JCG**<br>)<br>) Assigned to Hon. Cormac J. Carney<br>)<br>) **CLASS ACTION**<br>)<br>) Trial Date: Jan. 16, 2018<br>) Pre-Trial Conf.: Jan. 8, 2018<br>) Deadline to Amend or Join Pleadings:<br>) October 12, 2017<br>)<br>) **MOTION TO STAY, DISMISS OR**<br>) **TRANSFER THE LATER FILED**<br>) **DOBKIN ACTION UNDER THE**<br>) **FIRST TO FILE RULE and**<br>) **DECLARATION**<br>) **of JEFFREY SPENCER**<br>)<br>) Hearing Date:  September 11, 2017<br>) Time: 1:30 pm<br>) Courtroom 9B |

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff hereby files a Motion to Stay, Dismiss or Transfer the later filed *Dobkin v. NRG Residential Solar Solutions LLC*, Case No.

-1-
**MOTION TO STAY, DISMISS OR TRANSFER THE DOBKIN ACTION**

3:15-cv-05089 (D.N.J.). action under the Fist to File Rule.

This Motion will be based upon this notice, the points and authorities set forth below and the complete files and records in this action.

Dated:  August 4, 2017              THE SPENCER LAW FIRM

             By:  /S/ Jeffrey Spencer
             JEFFREY P. SPENCER. Esq.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. THE DOBKIN ACTON SHOULD BE STAYED, DISMISSED OR TRANSFERRED UNDER THE FIRST TO FILE RULE

The Wilens/Allen case is the first filed case against Defendants NRG Energy and NRG Residential Solar Solutions for TCPA violations and has been actively litigated for over two years. The Court has entered a comprehensive Scheduling Order setting motion cut off dates, discovery cut off dates and set the case for trial on January 8, 2018. (Dkt. 50) The parties have engaged in extensive law and motion and discovery. Discovery has revealed that Defendants thought their agent Sunlight Solar Leads placed over 20,000 calls to cell phones which Defendants admit may have contained a pre-recorded message.

As the result of the extensive discovery and motion practice, the Plaintiffs filed a Motion for Class Certification. (Dkt. 85) At that time Plaintiff also filed a Motion for Leave to Amend to add two class representatives. (Dkt. 86) The Court ruled on and granted Plaintiffs' Motion for Leave to File a Second Amended Complaint (Dkt. 95) and the Second Amended Complaint has been filed. (Dkt. 96). The Court set a further briefing schedule for the Motion for Class Certification. (Dkt. 92) Pursuant to Dkt. 92 Plaintiffs were to renew the Motion for Class Certification by August 1, 2017 (two weeks following the ruling on the Motion to Amend.)

Thereafter in the Order granting leave to file the Second Amended Complaint

the Court directed the Parties to submit a stipulation regarding deadlines for any additional discovery, adjudication of Plaintiff's motion for class certification, and any other motions practice and vacated the deadlines for renewing the Class Certification Motion set forth in Dkt.92. (Dkt. 95) It cannot be disputed that the Court has engaged in substantial oversight of this matter and has made substantive rulings and has overseen a schedule for efficient resolution of class certification and the case as a whole. Plaintiffs are ready to re-file the Motion for Class Certification and proceed expeditiously to a ruling on class certification.

Defendants have moved to stay this action because they have reached a "settlement in principal" in a later filed case <u>Dobkin v. NRG Residential Solar Solutions LLC</u>, No. Case No. 3:15-cv-05089 (D.N.J.) which they assert entirely encompasses the claims in this action. The later filed *Dobkin* case is not in the procedural posture of this action. No class certification motion has been filed in the *Dobkin* action and the docket reveals it has not been as extensively litigated. (Dkt. 108-2)

Defendants failed to notify the Court of the related *Dobkin* case which they were required to do under Local Rule 83-1.3. Defendants' settlement negotiations with the *Dobkin* class are extremely troubling. Apparently, the discussions were contemplated and may have been initiated at the same time Defendants were requiring the Plaintiffs and the Court to address a series of frantically filed motions and ex parte applications after Plaintiffs filed the Motion for Class Certification and

Motion to Amend. (See Dkt. 88-90) Defendants fail to explain why they failed to advise this Court of the pending settlement discussions and instead required the Court and the Plaintiffs to expend considerable time and resources responding to their motions. They also fail to explain why they excluded counsel for the first filed Wilens/Allen class from the settlement discussions and chose not to avail the first filed Court to supervise the settlement discussions. Plaintiffs' Counsel approached Defendants with an offer to engage in settlement discussions in June, but Defendants declined the offer.

It offends the notion of committee for Defendants to have extensively utilized the resources of this Court over two years of intense litigation, caused the Court to expend considerable resources ruling on motions and coordinating the class certification proceedings and then attempt to entirely exclude this Court from ruling on the merits of a proposed settlement of the class the Court has actively supervised.

On July 28, 2017 Defendant filed a Notice of Classwide Settlement and Term Sheet. (Dkt. 101 and 101-1). No settlement agreement has been formalized.

The Dobkin term sheet contemplates the creation of a $7 Million common fund on behalf of a proposed class of 317,000 class members comprised of "all persons with respect to whom NRG Residential was offered a lead from a third-party lead generator as a result of the lead generator's telephone call to such person". (Dkt. 101-1 paragraphs 1 and 2) The number of proposed class members is shocking as in the discovery process in this case Defendants only disclosed the

20,574 class members called by its agent Sunlight Solar Leads.

Applying the statutory damages under the TCPA of $500-$,1500, to the 20,574 class members called by Sunlight Solar Leads Defendants disclosed in Wilens/Allen case, the damages amount to $10,287,000 to $30,861,000. It is readily apparent that the interests of the Wilens now Allen class supervised by this Court will not be adequately protected by the proposed *Dobkin* settlement due to the massive class size and disparate class membership. Dobkin's proposal to settle the claims of 317,000 class members with statutory damages amounting to $158,500,000 (at the minimal statutory damage amount of $500) for just $7 Million raises the question of a reverse auction. See Reynolds v. Beneficial National Bank 288 F.3d 277, 280-285 (7th Cir. 2002). The Court should act to protect the interest of the class by retaining jurisdiction over this matter.

**A. Stay or Dismissal of the *Dobkin* action is warranted under the First to File Rule**

The "first-to-file" rule allows a district court to dismiss, transfer, or stay an action when a similar complaint has been filed in another federal court. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (citations omitted). As such, the rule should not be disregarded lightly. *Microchip Tech., Inc. v. United*

*Module Corp.*, No. cv-10-04241-LHK, 2011 U.S. Dist. LEXIS 73276, at *9-10 (N.D. Cal. July 7, 2011). Exceptions to the first-to-file rule are few: where the filing of the first suit evidences bad faith, anticipatory suits, and forum shopping. *Alltrade*, 946 F.2d at 628.

The "first-to-file rule is not limited to cases brought in different districts … [it] simply requires a chronology of the actions." *Wallerstein v. Dole Fresh Vegetables, Inc*., 967 F. Supp. 2d 1289, 1294 (N.D. Cal. 2012) (applying first-to-file rule to two different suits, both filed in Northern District of California). Specifically, Courts analyze three factors in determining whether to apply the first-to-file rule: (1) chronology of the actions; (2) similarity of the parties; and (3) similarity of the issues. *Id*. at 1293 (citing *Alltrade*, 946 F.2d at 625). Application of these factors to the two lawsuits makes clear that *Dobkin*, the later-filed suit, should be dismissed and/or stayed.

Under the "first-to-file rule," the entire action should generally be decided by the court in which the action was first filed. Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir.1997). "[T]he 'first to file rule' not only determines which court may decide the merits of substantially similar issues, but also establishes which court may decide whether the second suit filed must be dismissed, stayed or transferred and consolidated.'" Cadle v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th ir.1999) Thus, once the court determines that the two suits likely involve substantial overlap, it is no longer up to the second-filed court to resolve the question of whether both

should be allowed to proceed. Id. at 606.

### B. Analysis

#### 1. Chronology of Actions

This lawsuit was filed on June 17, 2015. The Dobkin action was filed on July 1, 2015. Thus, the first factor regarding the chronology of actions is satisfied. (Dkt. 108-2 Dobkin Docket).

#### 2. Similarity of the Parties

"[T]he first-to-file rule *does not require* strict identity of the parties, but rather *substantial similarity*." *Wallerstein*, 967 F. Supp. 2d at 1295 (emphasis in original) (citations omitted); *see also, e.g., Microchip Tech., Inc. v. United Module Corp.*, No. cv-10-04241-LHK, 2011 U.S. Dist. LEXIS 73276, at *11 (N.D. Cal. July 7, 2011). "Exact identity is not required to satisfy the first- to-file rule." *Wallerstein*, 967 F. Supp. 2d at 1295 (citing *Pac. Coast Breaker, Inc. v. Conn. Elec., Inc.*, 2011 WL 2073796, at *3 (E.D. Cal. May 24, 2011) ("The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional, unmatched parties in one or both matters.") (citation omitted).

In the class action context, the "widely accepted rule" is to compare the putative classes, and not the individual plaintiffs, in each lawsuit in determining the similarity of the parties. *Id*; *see also, e.g., Ruff v. Del Monte Corp.*, No. C 12-05251 JSW, 2013 U.S. Dist. LEXIS 51263, at *9 (N.D. Cal. Apr. 9, 2013) (finding substantial similarity among three putative class actions relating to product

labeling); *Ross v. U.S. Bank Nat. Ass'n.*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008); *see also Weinstein v. Metlife, Inc.*, No. C 06-04444 SI, 2006 U.S. Dist. LEXIS 83115, at *11 (N.D. Cal. Nov. 6, 2006); *Adoma*, 711 F. Supp. 2d at 1147 ("In a collective action, the classes, and not the class representatives, are compared.") (citation omitted); *Hill v. Robert's Am. Gourmet Food, LLC*, No. 13-cv-00696-YGR, 2013 U.S. Dist. LEXIS 96435, at *11 (N.D. Cal. July 10, 2013). "Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein*, 967 F. Supp. 2d 1289, 1296 (citing *Adoma*, 711 F. Supp. 2d at 1148).

With respect to the putative classes here, both Plaintiffs in the instant action and Dobkin seek to represent recipients of phone calls against NRG Energy and NRG Residential Solar Solutions for violations of the TCPA. (The *Dobkin* action subsequently dismissed NRG Energy from the case.) Defendants concede the similarity of parties and issues. "The *Dobkin* plaintiffs similarly claim that NRG Residential violated the TCPA by allegedly having independent third-party lead generators call their telephones—including their cellular telephones—using prerecorded voice technology or an automatic telephone dialing system without the *Dobkin* plaintiffs' prior express consent. (Dkt. 97 Motion to Stay Pg. 3) Courts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals. Wallerstein v. Dole Fresh Vegetables, Inc., 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013) That

condition is present here. The similarity of issues requirement is met when the issues presented in the two actions are substantially similar. Id. Here the two actions involve the same claims against NRG Residential Solar Solutions. The second requirement of the first to file rule is satisfied.

### 3. Similarity of the Issues

As to the similarity of the issues, courts have held that the issues in the two actions must be *substantially similar,* rather than identical. *Adoma*, 711 F. Supp. 2d at 1148 (citing *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006); *Schwartz v. Frito-Lay N. Am.*, No. C-12-02740 (EDL), 2012 U.S. Dist. LEXIS 188186, at *8 (N.D. Cal. Sept. 12, 2012) ("The issues need not be precisely identical for the first-to-file rule to apply; the rule can apply even if the later-filed action brings additional claims."); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008) ("[A]s defendant correctly notes, the 'first-to-file' rule is satisfied by a *sufficient* similarity of issues").

Here, the thrust of both lawsuits is identical—Plaintiffs and Dobkin allege that Defendant NRG Residential Solar Solutions violated the TCPA by making calls to cell phones that contained a pre-recorded voice. Based on these same allegations both suits assert the same claims. As Defendants concede in their Motion to Stay and Reply, the *Dobkin* plaintiffs make the same claims as the Plaintiffs in this action. (Dkt. 97 and 108). The final requirement of the first-to-file rule is thus met, and *Dobkin* should be dismissed and/or stayed.

The proposed settlement in the *Dobkin* action does not defeat the application of the First to File Rule. See In re Checking Account Overdraft Litigation 859 F. Supp. 2d 1313 (S.D. Florida 2012). That case involved a MDL litigation for unfair banking practices where a motion for certification had been filed. At the same time, the same counsel for the Defendants reached a settlement in a later filed class action asserting the same claims in Arkansas State Court and thereafter filed in the Western District of Arkansas. The Arkansas District Court granted preliminary approval of the settlement and notice was sent to 350,000 class members. The Court presiding over the MDL Litigation first learned of the Arkansas settlement when Defense counsel filed a Notice that the class action settlement had been preliminarily approved and moved to stay all class related proceedings in the MDL litigation. Applying the First to File Rule and the All Writs Act, the Court enjoined the parties from engaging in any further proceedings in the later filed action notwithstanding the fact preliminary approval had been granted and notice had been sent.

**C.  The Court should retain Jurisdiction over this action.**

In the event the Court is not inclined to stay or dismiss the *Dobkin* action, the Court should transfer the *Dobkin* action to this Court and consolidate it with this action for all further proceedings. Under the "first-to-file rule," the entire action should generally be decided by the court in which the action was first filed. Smith v. S.E.C., 129 F.3d 356, 361 (6th Cir.1997).

## **CONCLUSION**

For the above stated reasons, Plaintiffs pray this Honorable Court to stay, dismiss or transfer the later filed related *Dobkin* action under the First to File Rule.

Dated: August 4, 2017         THE SPENCER LAW FIRM

By: /S/ Jeffrey Spencer
JEFFREY P. SPENCER. Esq.