JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| MARA ALLEN and GILBERT ABARCA, on behalf of themselves and all persons similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NRG ENERGY, INC., NRG RESIDENTIAL SOLAR SOLUATIONS LLC, and DOES 1-100, inclusive,<br><br>　　　　　Defendants. | Case No.: SACV 15-01128-CJC(JCGx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY AND DENYING PLAINTIFFS' MOTION TO STAY, DISMISS, OR TRANSFER THE *DOBKIN* ACTION** |

　　　Plaintiffs bring this putative class action against Defendants NRG Energy, Inc., and NRG Residential Solar Solutions LLC ("NRG Residential") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). (*See generally* Dkt. 19.) Before the Court is Defendants' motion to stay the case pending classwide settlement in the related *Dobkin* action, (Dkt. 97 [hereinafter "Def. Mot."]), and

Plaintiffs' motion to stay, dismiss, or transfer the *Dobkin* action, (Dkt. 110 [hereinafter "Pl. Mot."]).

The parties do not dispute that the *Dobkin* action and the present case involve the same claims for violation of the TCPA against the same defendants, NRG Energy, Inc. and NRG Residential. *Dobkin v. NRG Residential Solar Solutions LLC*, Case No. 3:15-cv-05089 (D.N.J.); (Def. Mot. at 3; Dkt. 102, Plaintiffs' Opposition to Defendants' Motion [hereinafter "Pl. Opp."] at 9). The *Dobkin* action was filed two weeks after the present case. (Pl. Opp. at 9.) The *Dobkin* parties' court supervised settlement negotiations have concluded, (Dkt. 108, Defendant's Reply [hereinafter "Def. Reply"] at 2), and the parties have submitted a settlement term sheet, (Dkt. 101). The *Dobkin* parties are in the process of finalizing a formal settlement agreement and are expected to file a motion for preliminary approval of the settlement agreement within 30 to 45 days of August 4, 2017. (Dkt. 108-1, Declaration of Rafey Balabanian ¶ 18.)

The parties agree that the *Dobkin* settlement class encompasses the class that Plaintiffs seek to represent in this case. (Def. Reply at 1; Pl. Opp. at 9–10.) Plaintiffs' proposed class includes individuals whose lead information was offered to Defendants by Sunlight Solar Leads. (Pl. Opp. at 8.) The *Dobkin* settlement class includes all individuals whose lead information was offered to Defendants by *any* lead generator, including Sunlight Solar Leads. (Pl. Opp. at 6; Dkt. 101-1.) The parties dispute what should be done given these two pending related actions.

A court may stay proceedings as part of its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Landis*).

In determining whether to stay a case, "the competing interests which will be affected . . . must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). These interests include: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."[1] *Id.*

Courts regularly stay pending putative class actions in light of class settlements in other cases where the proposed settlement class stands to dispose of the pending class's claims. *See, e.g., Annunziato v. eMachines Inc.*, 2006 WL 5014567, at *5–6 (C.D. Cal. July 24, 2006) (granting defendant's motion to stay in light of pending settlement in separate court where the pending settlement potentially redressed the injuries incurred by the plaintiffs); *Advanced Internet Techs., Inc. v. Google, Inc.*, 2006 WL 889477 (N.D. Cal. Apr. 5, 2006) (staying case where a class action pending in other court could have material impact the number of class members with viable claims against defendant).

Defendants argue that staying this case would avoid potentially inconsistent resolutions of issues and would serve the interest of judicial efficiency. (Def. Mot. 5–6.) The Court agrees. The two cases have the same claims and defendants. The *Dobkin* settlement class encompasses Plaintiffs' proposed class. In light of this overlap, the *Dobkin* settlement will dispose of Plaintiffs' claims. These similarities weigh in favor of staying the case pending the resolution of the *Dobkin* settlement. Plaintiffs' observations that this Court and the parties have expended significant resources litigating the present

---

[1] This standard, rather than the traditional four factor test articulated in *Nken v. Holder*, 556 U.S. 418 (2009), is appropriate since Defendants seek to stay ongoing proceedings rather than the enforcement of this Court's Judgment. *See Finder v. Leprino Foods Co.*, No. 113CV02059AWIBAM, 2017 WL 1355104, at *2–3 (E.D. Cal. Jan. 20, 2017) (collecting cases); *see also AsIs Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *4 n.1 (N.D. Cal. Sept. 16, 2008).

case does not support denial of Defendants' motion, as a stay will prevent *future* needless litigation if the *Dobkin* settlement is approved. (Pl. Opp. at 4, 7.)

A stay will not prejudice the Plaintiffs. Plaintiffs may elect to accept recovery under the *Dobkin* settlement if it is approved. (Def. Mot at 5.) If the *Dobkin* settlement is not approved, Plaintiffs may seek to lift the stay and resume this action. (*Id.*) As the *Dobkin* parties will file for preliminary approval of the settlement soon, any delay in the present case will be minor. Plaintiffs have failed to demonstrate how they will be prejudiced outside of a minor delay in filing their renewed motion for class certification. Plaintiffs make various arguments about the fairness of the *Dobkin* settlement terms, (Pl. Opp. at 4–6), but these arguments are irrelevant to the Court's determination of whether or not to stay the present case. Plaintiffs' remedy for any alleged unfairness was and is to object in the *Dobkin* court.

Even though the *Dobkin* settlement has not been finalized, a stay is appropriate. Courts grant stays even where the parties in the separate pending action have not yet moved for preliminary approval of settlement. *See, e.g.*, *In re JPMorgan Chase LPI Hazard Litig.*, 2013 WL 382971 at *4–5 (N.D. Cal. July 23, 2013) (granting defendants' motion to stay for settlement in part for 60 days where the parties in the separate action had agreed to a settlement in principle, initiated a Settlement Term Sheet, and set a date by which a Settlement Agreement was to be filed); *Jaffe v. Morgan Stanley DW, Inc.*, 2007 WL 163196 (N.D. Cal. Jan 19, 2007) (staying a pending putative class action in light of "advanced" settlement negotiations in a separate class action, filed in another district). Plaintiffs argue that *In re JPMorgan* and *Jaffe* are distinguishable from the present case because no motion for class certification had been filed in those actions. (Pl. Opp. at 7.) This distinction is immaterial. Plaintiffs' argument that all efforts to move the case towards determination of class certification will be wasted if the case is stayed

does not demonstrate how Plaintiffs will be prejudiced by a stay. (Pl. Opp. at 8.) A stay will likely save the Court's resources and counsels' time going forward.

Plaintiffs also argue that staying the case would be contrary to the "first-to-file" rule. (Pl. Opp. at 8–10.) The first-to-file rule may be invoked "when a complaint involving the same parties and issues has already been filed in another district" to transfer the later filed case to the district where the first-filed case is pending. *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982). A court may disregard the first-to-file rule in the interests of equity. *Alltrade, Inc. v. Uniweld Prods., Inc.,* 946 F.2d 622, 625 (9th Cir. 1991). The purpose of the first-to-file doctrine "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of California v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979) (recognizing that the first-to-file rule "should not be disregarded lightly," but deferring to second filed lawsuit that had progressed to judgment on the merits, appeal, then remand), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016). While this action could qualify for transfer under first-to-file rule, a stay would best promote the policies of judicial economy and avoiding conflicting judgments *at this point in the litigation*. Plaintiffs did not bring the *Dobkin* action promptly to the attention of the Court when arguments about the first-to-file rule would have had more teeth. As the *Dobkin* action is on the eve of final settlement, the policies behind the first-to-file rule are best promoted by staying the present case.

Plaintiffs move separately for the Court to stay, dismiss, or transfer the *Dobkin* action to this court. (Dkt. 110.) This Court does not have jurisdiction to tell a sister federal district court how to manage her docket. The Court can only stay its own case, even when the first-to-file rule applies. *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F. 3d 765, 769 (9th Cir. 1997) (under the first-to-file rule, "when cases involving the same parties

and issues have been filed in two different districts, the second district court has discretion to transfer, stay, or dismiss *the second case* in the interest of efficiency and judicial economy") (emphasis added).

For the foregoing reasons, Defendants' motion to stay the case pending classwide settlement in the *Dobkin* action is **GRANTED** and Plaintiffs' motion to stay, dismiss, or transfer the *Dobkin* action is **DENIED**.[2] Defendants are **DIRECTED** to file monthly updates with the Court concerning the status of the *Dobkin* settlement.

DATED:    August 31, 2017

　　　　　　　　　　　　　　　　　　　　　　　CORMAC J. CARNEY
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for September 11, 2017, at 1:30 p.m. is hereby vacated and off calendar.